UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| JOSHUA FRANCIS HARDEWAY | CIVIL ACTION NO. 6:18-CV-00871 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| FRESH PICKIN'S MARKET, INC., ET AL. | MAG. JUDGE CAROL WHITEHURST |

RULING

Pending before the Court is a Rule 12(c) Motion for Judgment on the Pleadings [Doc. No. 24] filed by Defendants Fresh Pickin's Market of Acadiana, Inc. ("Fresh Pickin's"), and Russell Sais (collectively "Defendants"). Plaintiff Joshua Francis Hardeway ("Hardeway") filed an opposition [Doc. No. 26].

I.  ALLEGED FACTS AND PROCEDURAL BACKGROUND

Hardeway, who is self-represented, filed a Complaint against Defendants alleging they are liable to him for $1,000,000 in damages because "[t]he defendant said I am not getting any money or retaining employment until I give him social security number." [Doc. No. 1-1]. Fresh Pickin's replies that it is "ready, willing, and able to pay" Hardeway his wages as soon as Hardeway provides his Social Security number [Doc. No. 24-1, p. 1]. Hardeway refuses to provide his Social Security number, contending he is not required to do so. The parties are, thus, at a stalemate.

II.  LAW AND ANALYSIS

   A.  Standard of Review

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In determining

whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to a legal remedy. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). When considering a Rule 12(c) motion, the Court must construe the allegations in the complaint in the light most favorable to the non-moving party, but conclusory allegations and unwarranted deductions of fact are not accepted as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

Conclusory allegations and unwarranted deductions of fact, however, are not accepted as true. *Tuchman v. DSC Communications Corp.*, 14 F. 3d 1061, 1067 (5th Cir. 1994). Nor should the court accept legal conclusions masquerading as factual conclusions. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F. 2d 278, 284-85 (5th Cir. 1993). A plaintiff must allege sufficient facts to establish each element of his or her cause of action. *In re: Plywood Antitrust Litig.*, 655 F. 2d 627, 641 (5th Cir. 1981), *cert. denied*, 462 U.S. 1125 (1983). Dismissal is proper when the complaint is silent regarding a required element to obtain relief. *Expinoza v. Missouri Pac. R.R.*, 754 F. 2d 1247, 1248 (5th Cir. 1985).

**B.     Analysis**

Hardeway's Complaint is drafted using the Court's form pro se Complaint for Employment Discrimination (Form Pro Se 7). Hardeway states he is seeking relief under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*; 42 U.S.C. 1981; "42 U.S.C. 1964,"[1] and the Louisiana Wage Payment Act ("LWPA"), LA. REV. STAT. § 23:631, *et seq.*

Defendants contend they are entitled to judgment as a matter of law dismissing all of Hardeway's claims because Hardeway has no cause of action under the relevant statutes and case law, based on his refusal to provide his Social Security number. Defendants further contend that, to the extent Hardeway may be asserting a claim under Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), Hardeway has failed to exhaust his administrative remedies, and, thus, his claim should be dismissed.

### 1. Dismissal for Failure to Provide Social Security Number

While Defendants dispute the facts alleged in the Complaint, for purposes of this motion only, they are assumed to be true. *See United States v. Gaubert*, 499 U.S. 315, 327 (1991). In the Complaint, Hardeway asserts the following claims:

> *Hardeway alleges that he was an employee of Fresh Pickin's.
>
> *Hardeway alleges that that Russel Saia, owner of Fresh Pickin's, told him he would not be paid if he did not provide his Social Security number.
>
> *Hardeway alleges that Defendants violated the "U.S. 5th Amendment and a few other federal violations."
>
> *Hardeway demands $1,000,000.00 for "taken [sic] [his] property, under U.S. 5th amendment the 'takings clause,' also public humiliation, economic hardship."
>
> *Hardeway alleges the discriminatory conduct of which he complains includes termination of employment, retaliation, and unpaid wages and threats.
>
> *Hardeway alleges he was discriminated against based on race and "fired because of dreads."

---

[1] 42 U.S.C. 1964 does not exist. In view of Hardeway's *pro se* status, the Court will assume that he is intending to make a claim under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, although he did not check that box in his Complaint.

3

>   *Hardeway alleges he is no longer an employee at Fresh Pickin's and that he has not been compensated for his time there.

[Doc. Nos. 1, 1-1, and 1-2].

Hardeway has not clearly expressed a reason for refusing to provide his Social Security number. However, he states in his Complaint:

> On 11/28/2017, Russel Saia said I was not going to get paid, if I did not voluntary give him my social security accounting number. Russel also got in my face, screaming at I calling I a sovereign citizen, then Russel stated that I will not be an employee or get money (my property), if I did not voluntarily give him my social security number. Russel violated my U.S. 5th amendment and a few other federal violations.
> [Doc. No. 1-2].

Defendants contend that all of Hardeway's claims should be dismissed because Federal law mandates that an employee must report his Social Security number to his employer and that the employer must report the Social Security number to the IRS. *See* 26 C.F.R. § 31.6011(b)-2(b)(i). If an employee refuses to show his Social Security card to his employer, the employer must inform the employee of his duty to do so under applicable federal law. 26 C.F.R. § 31.6011(b)-2(c)(2)(i).

Should the employee still refuse, the employee and the employer are both subject to penalties from the IRS for failure to report the employee's Social Security number. 26 U.S.C.A. § 6721(a)(2)(B); *see also Baltgalvis v. Newport News Shipbuilding Inc.,* 132 F. Supp. 2d 414, 418 (E.D. Va.), *aff'd*, 15 F. App'x 172 (4th Cir. 2001) (where the court held that both employee and employer are subject to IRS penalties when employee fails/refuses to disclose his Social Security number). Thus, an employee's refusal to report his Social Security number to his employer exposes the employer, as well as himself, to potential liability in the form of penalties from the IRS.

4

To the extent Hardeway bases his claim under the FLSA, the purpose of that legislation is to eliminate low wages and long hours. *Usery v. Pilgrim Equipment Co., Inc.,* 527 F.2d 1308, (5th Cir. 1971). FLSA is intended to protect certain groups of the population from substandard wages and excessive hours which endanger the national health and well-being and free flow of goods in interstate commerce. *Foremost Dairies, Inc. v. Wirtz,* 381 F.2d 653, (5th Cir. 1967). Here, however, there is no violation of the FLSA because Federal law mandates that an employee must provide his Social Security number to his employer, and Defendants are willing to pay Hardeway, once he produces his Social Security number.

For the same reason, there is no violation of 42 U.S.C. § 1981, which prohibits all forms of racial discrimination, whether public or private, in making contracts. Hardeway alleges no facts that could support such a claim, only the conclusion that he was subjected to race discrimination because of his dreads.[2] Such conclusory statements fail to suffice under Rule 12(c).

The LWPA was designed to compel prompt payment of wages upon an employee's discharge or resignation. *Blanson v. Town of Richwood*, 46,755 (La. App. 2d Cir. 12/14/11), 81 So.3d 230, 234. However, if there is a good-faith non-arbitrary defense to liability, i.e., a reasonable basis for resisting liability, the court may refrain from imposing penalties. *Breard v. Summit Inst. for Pulmonary Med. & Rehab., Inc.*, 97-1784 (La. 3/4/98), 707 So.2d 1233, 1236. This is the situation here, where Defendants are willing to pay Hardeway once he provides his Social Security number.

To the extent that Hardeway may be asserting a discrimination claim under Title VII, a right to privacy claim, or an equal protection claim, federal courts have made clear that the

---

[2] Hardeway had been hired by Defendants only days earlier despite his dreads.

disclosure of an individual's Social Security number for employment purposes does not violate an individual's constitutional rights. *See Cassano v. Carb*, 436 F. 3d 74, 75 (2d Cir. 2006).

In *Cassano v. Carb*, a plaintiff-employee brought suit against her former employer alleging civil rights violations because the defendant-employer ordered the plaintiff employee to disclose her Social Security number for employment purposes. The plaintiff refused to provide her Social Security number, after which the defendant employer terminated her employment. The plaintiff claimed that she "was being placed in dire jeopardy of having her identity stolen" should she disclose her Social Security number to her employer. The plaintiff's alleged cause of action was based upon 42 U.S.C. §§ 1981, 1983, 1985, and 1986, her right to privacy guaranteed under the Fourth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.

The defendant-employer moved to dismiss the plaintiff-employee's lawsuit for failure to state a claim for which relief could be granted, and the district court granted the defendant's motion to dismiss. On appeal, the Second Circuit affirmed, stating in pertinent part:

> ***The Discrimination Claim***
>
> Plaintiff's reliance on anti-discrimination statutes is misplaced because defendants' policy of requiring SSNs applied equally to all employees and was also a necessary consequence of defendants' obligations under federal law. As the District Court noted, federal law requires that employers gather and report the SSNs of their employees to aid enforcement of tax and immigration laws. *See, e.g.,* 8 C.F.R. §§ 274a.2(a), (b)(1)(i), 274a.10(b)(2); Immigration Form I–9. Further, the federal statute limiting the disclosure of SSNs contains an explicit provision allowing the collection of SSNs to meet the requirements of other federal laws. 5 U.S.C. § 552a note (exempting from general rule barring government from denying "any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number" denials based on requiring "any disclosure which is required by Federal statute"); *see Green v. Philbrook,* 576 F.2d 440, 442–46 (2d Cir.1978) (rejecting challenge based on Privacy Act of 1974 to state program restricting welfare aid to those who furnish SSNs).
>
> Other federal courts have held that when an employee or job applicant refuses on religious grounds to provide an SSN, employers may fire or refuse to hire him.

> *See Seaworth v. Pearson,* 203 F.3d 1056, 1057–58 (8th Cir.2000) (dismissing Title VII claim); *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 830–31 (9th Cir.1999) (same); *see also Yisrael v. Per Scholas, Inc.,* 2004 WL 744485, at *1 (S.D.N.Y. Apr.7, 2004), 2004 U.S. Dist LEXIS 5807, at *2 (dismissing discrimination claim filed on ground that "the use of a Social Security number for [tax] withholding purposes constitutes 'enumeration of flesh,' which the Bible describes as evil"). We agree with the reasoning of our sister circuits and therefore conclude that here—where Cassano has not even alleged a religious basis for refusing to provide an SSN but instead relies on her fear of identity theft—plaintiff's discrimination claim must fail.
>
> ***The Constitutional Right to Privacy and Equal Protection Claims***
>
> We also agree with the District Court's conclusion that the Constitution does not provide a right to privacy in one's SSN. Like the Seventh Circuit and other federal courts to address this question, we decline to expand the constitutional right to privacy to cover the collection of SSNs. *See McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980); *Doyle v. Wilson,* 529 F.Supp. 1343, 1348 (D. Del. 1982) (collecting cases supporting proposition that "mandatory disclosure of one's social security number does not so threaten the sanctity of individual privacy as to require constitutional protection").
>
> Cassano's claim under the Equal Protection Clause of the Fourteenth Amendment similarly lacks merit. The federally mandated collection of employees' SSNs is neutrally applied, and those who refuse to disclose their SSNs for fear of identity theft do not constitute a protected class for the purpose of equal protection jurisprudence. There is no doubt that laws requiring employers to collect SSNs of employees have a rational basis. *See Fitzgerald v. Racing Ass'n of Cent. Iowa,* 539 U.S. 103, 106–07, 123 S.Ct. 2156, 156 L.Ed.2d 97 (2003) (while upholding constitutionality of state law taxing racetrack slot machines and riverboat slot machines at different rates, noting that tax and economic regulations will be reviewed for rational basis); *cf. Charles C. Steward Mach. Co. v. Davis,* 301 U.S. 548, 583–84, 57 S.Ct. 883, 81 L.Ed. 1279 (1937) (upholding Social Security Act against constitutional challenges).

*Id*. at 75-76.

For the same reasons expressed by the Court in *Cassano v. Carb*, which this Court finds persuasive, Hardeway has failed to establish the essential elements of his Title VII and constitutional claims.

7

### 2. Dismissal for Failure to Exhaust Administrative Remedies.

As indicated above, although Hardeway did not check the box indicating he was making a Title VII claim, he did state he was making a claim under "42 U.S.C. 1964," which could possibly indicate his intent to assert a Title VII claim.

Defendants contend that, to this extent, the Title VII claim must be dismissed because Hardeway failed to obtain a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to filing suit in federal court under Title VII.

In response to paragraph IV in the form document, which pertains to the basis of jurisdiction, Hardeway states "N/A" regarding whether he filed a charge with the EEOC regarding the alleged discriminatory conduct. [Doc. No. 1, p. 5]. Hardeway attached no EEOC Right to Sue letter to the Complaint. However, his Complaint states "Defendant(s) discriminated against me based on my . . . race, fired because of dreads." [Doc. No. 1, p. 4].

"It is well-established that summary judgment may be granted against a non-movant solely on the basis of failure to exhaust administrative remedies." *Miller v. Southwestern Bell Telephone Co.*, 51 Fed. App'x. 928, n. 5 (5th Cir. 2002); *citing Tech. Dev. v. Brown*, 63 F.3d 445, 447 (5th Cir. 1995.) "The Supreme Court has held that a plaintiff may not bring claims in a lawsuit that were not included in the filed EEOC charge. This requirement serves to enhance the administrative enforcement process by ensuring that the EEOC can conduct a full investigation while also providing the employer with advanced notice of the claim and an opportunity to resolve the dispute." *Id. (*citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, (1974); *Harper v. Godfrey Co.,* 45 F.3d 143, 148 (7th Cir. 1995)).

Thus, Hardeway's claims, to the extent they allege discrimination or retaliation, are additionally subject to dismissal because he has failed to allege that he filed a charge with the EEOC and obtained a notice of right to sue.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [Doc. No. 24] is GRANTED, and Hardeways's claims are DISMISSED WITH PREJUDICE in their entirety.

MONROE, LOUISIANA, this 3rd day of May, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE